104 F.3d 375
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Hans T. SCHREUDER, Petitioner,
v.
DEPARMENT OF AGRICULTURE, Respondent.
 No. 96-3355
 United States Court of Appeals, Federal Circuit.
 Dec. 6, 1996.
 
 Before ARCHER, Chief Judge, MAYER, and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Hans T. Schreuder (Schreuder) petitions for review of the Merit Systems Protection Board's (Board) initial decision of April 1, 1996, in Docket No. DE0752960156-I-1, which became the final decision of the Board pursuant to 5 C.F.R. § 1201.113(b) (1991). We affirm.
 
 
 2
 In its decision, the Board sustained an action by the United States Department of Agriculture (agency), suspending Schreuder for 30 days from employment on the grounds that Schreuder engaged in prohibited personnel practices and inappropriate behavior toward his secretary, Tonya Knutson (Knutson). The Board's findings with respect to improper conduct by Schreuder are summarized below:
 
 
 3
 Reason 1. Engaging in Prohibited Personnel Practices: Preferential Treatment (two specifications)
 
 
 4
 A. "Lending" or "giving" money to Knutson on at least four occasions despite having been told by Personnel Officer Rudy Guiterrez, Jr. (Guiterrez) to stop the practice.
 
 
 5
 B. Offering to accompany Knutson and pay for her expenses on a trip to Ohio to find her biological parents.
 
 
 6
 Reason 2. Engaging in Prohibited Personnel Practices: Reprisal (two specifications)
 
 
 7
 A. Lowering Knutson's performance appraisal after his relationship with Knutson had rapidly deteriorated.
 
 
 8
 B. Terminating Knutson's previous authorization to attend college classes on official time and at the agency's expense after the relationship deteriorated.
 
 
 9
 Reason 3. Use of Slanderous, Malicious, Derogatory, Discourteous or Otherwise Inappropriate Language, Gestures or Other Conduct Toward Your Subordinate (one specification)
 
 
 10
 A. Using malicious and inappropriate language toward Knutson during a December 1, 1994 altercation, where Schreuder made threatening remarks, reminding Knutson of the experience she had with her former husband who physically abused her.
 
 
 11
 In his appeal, Schreuder does not contend that the Board made any errors of law, but he only argues that the Board made erroneous findings of fact. Under these circumstances, our review of the Board's decision is limited--the Board's decision must be affirmed unless it is arbitrary, capricious or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). Furthermore, the Board's decision was based largely on its credibility determinations of the witnesses who testified. The Administrative Judge below found Knutson and Guiterrez more credible than Schreuder. It is well-settled that such credibility determinations made by presiding officials are "virtually unreviewable." Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 12
 Having reviewed the record before us, we conclude that the Board's decision was not arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. We therefore must affirm the Board's decision.